IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02201-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

KRISTAL BRADSHAW,

    Defendant.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the plaintiff's Motion to Object to Impermissible Joinder to Broadening Scope of Deposition, Due to Prejudicing the Plaintiff['s] Claims and Violating Plaintiff['s] Constitutional Rights (the "Motion"). ECF No. 65. The Motion appears, in part, to be a response to Defendant Bradshaw's motion filed at ECF No. 59, which requested amendment of certain Scheduling Order deadlines. That motion was addressed in the Court's August 19, 2025 Minute Order. ECF No. 63. Accordingly, to the extent the Motion is a response to that motion, but was docketed as a motion, ECF No. 65 is **DENIED as moot**.

    The second page of the Motion appears to be a separate document requesting appointment of counsel. Oral argument will not materially assist in the resolution of this matter and the Motion is appropriately considered even without a response from the defendant. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is

appropriate in this case. Accordingly, for the reasons that follow, to the extent the Motion requests appointment of pro bono counsel, it is **DENIED without prejudice**.

## BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on August 8, 2024. ECF No. 1. He was granted leave to proceed in forma pauperis. ECF No. 4. In his amended complaint, the plaintiff brings a Fourteenth Amendment claim against the defendant. He asserts that the defendant unlawfully attempted to segregate the plaintiff and his cellmate based on race. *Id.* at 4. He alleges that when they "refused to be segregated from each other," the defendant had both of them "taken to disciplinary segregation" and she wrote a "bogus disciplinary charge for disobeying a[n] order and refusing housing," which "interferes with [their] housing, earned time, good time, and classification, and parole." *Id*. at 5.

The Court entered a Scheduling Order on February 18, 2025, ECF No. 44, and discovery is proceeding.

## ANALYSIS

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means, and (2) the degree to which the interests of justice, including the benefits to the court, will be served by

2

appointment of counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. While the plaintiff asserts that he is unable to afford counsel and needs an attorney to handle the complexities of the case because his "imprisonment will greatly limit his ability to litigate," ECF No. 65 at 2, that is no different from any other incarcerated litigant. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, a person's financial status does not guarantee the right to counsel in civil cases. *Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. Further, no dispositive motion has been filed in this case.

In sum, this case is not overly complex from a reading of the complaint and it is yet unclear how meritorious the plaintiff's claims are. Further, the representations in the complaint and the Motion demonstrate that the plaintiff can sufficiently present his claims and navigate this litigation. In addition, the plaintiff fails to articulate specific factors that warrant the appointment of counsel in his particular circumstances. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel

results in fundamental unfairness."). As such, the plaintiff's request for pro bono counsel is premature. *See Vora v. C4 Therapeutics, Inc.*, No. 22-cv-00640-RMR-NYW, 2022 WL 20622169, at *2 (D. Colo. Apr. 1, 2022). Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, the Motion, ECF No. 65, is **DENIED as moot** to the extent it is a response to the defendant's motion filed at ECF No. 59, and it is **DENIED without prejudice** to the extent it requests appointment of counsel.

Entered and dated this 3rd day of September, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge