IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02201-GPG-CYC

ARTHUR WALKER,

    Plaintiff,

v.

KRISTAL BRADSHAW,

    Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on the plaintiff's Motion to Request Ap[p]ointment of Pro Bono Counsel Under the In Forma Pauperis Law, 28 U.S.C. 1915(e)(1), ECF No. 71, which requests appointment of counsel generally, and the plaintiff's Motion to Request Temporary Counsel to Depose Defendant Bradshaw, ECF No. 72, which asks the Court to appoint counsel to represent the plaintiff to conduct the deposition of the defendant. Oral argument will not materially assist in the resolution of these matters and the motions are appropriately considered even without a response from the defendant. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is appropriate in this case. Accordingly, for the reasons that follow, the motions are **DENIED without prejudice**.

### BACKGROUND

    The plaintiff initiated this action by filing a pro se complaint on August 8, 2024, ECF No. 1, and he was granted leave to proceed in forma pauperis. ECF No. 4. The plaintiff brings one

claim against Defendant Bradshaw in which he alleges that while he was incarcerated at the Bent County Correctional Facility, Defendant Bradshaw threatened to retaliate against him because he and his cellmate refused to be segregated into different cells. ECF No. 1 at 4. They told her that they were friends and did not have any issues, but defendant Bradshaw "said she [didn't] care" and threatened to put them in disciplinary segregation because she did not allow black and white inmates to be housed together. *Id*. The plaintiff further alleges that after he refused to comply with her request, the defendant "immediately within 10 seconds called [an officer] who came and handcuffed" the plaintiff and his cellmate "and had both of [them] taken to disciplinary segregation" and the defendant wrote a "bogus disciplinary charge for disobeying [an] order and refusing housing." *Id*. at 5.

The Court entered a Scheduling Order on February 18, 2025, ECF No. 44, and discovery is proceeding.

**ANALYSIS**

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means, and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). "The burden is on the applicant to convince the court that there is

sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quotation marks omitted).

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. While he states that counsel "would better enable [the] plaintiff to present evidence" and that he "has limited access to the law library and limited knowledge of the law," ECF No. 71 at 1, that is no different from any other incarcerated litigant. *See Blackburn v. Baxter*, No. 20-cv-02774-WJM-NYW, 2020 WL 13751410, at *2 (D. Colo. Dec. 21, 2020) (noting that the limitations to law library access imposed because of the COVID-19 pandemic were not unique and did not justify appointment of counsel). To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). While the plaintiff proceeds in forma pauperis, a person's financial status does not guarantee the right to counsel in civil cases. *Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, contrary to the plaintiff's assertion that "the issues involved in this case are complex," ECF No. 71 at 1, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. Further, no dispositive motion has been filed in this case. Finally, the plaintiff notes that he has made efforts to obtain counsel and has not been successful. *Id*. at 1–2. His efforts are commendable, but that is not enough to warrant appointment of counsel in this case. *See Miles v. Conrad*, 805 F. App'x 607, 610–11 (10th Cir. 2020).

In sum, this case is not overly complex from a reading of the complaint and it is yet unclear how meritorious the plaintiff's claims are. Further, the representations in the complaint and the motions demonstrate that the plaintiff can sufficiently present his claims and navigate this litigation. In addition, the plaintiff fails to articulate specific factors that warrant the appointment of counsel in his particular circumstances. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness."). As such, the plaintiff's request for pro bono counsel is premature. *See Vora v. C4 Therapeutics, Inc.*, No. 22-cv-00640-RMR-NYW, 2022 WL 20622169, at *2 (D. Colo. Apr. 1, 2022). Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the plaintiff's Motion to Request Ap[p]ointment of Pro Bono Counsel Under the In Forma Pauperis Law, 28 U.S.C. 1915(e)(1), ECF No. 71, and the plaintiff's Motion to Request Temporary Counsel to Depose Defendant Bradshaw, ECF No. 72, are both **DENIED without prejudice**.

Entered and dated this 23rd day of September, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge