IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02201-GPG-CYC

ARTHUR WALKER,

Plaintiff,

v.

KRISTAL BRADSHAW,

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on plaintiff's Motion to Clarify Damages. ECF No. 103. Because the question of whether the defendant, if she committed the alleged conduct, did so with "evil motive or intent" or with "reckless or callous indifference" to the plaintiff's federally protected rights, is a disputed issue of material fact, he may seek punitive damages at trial. *See Searles v. Ven Bebber*, 251 F.3d 869, 879 (10th Cir. 2001). The motion is therefore **GRANTED**.

**BACKGROUND**

The plaintiff, a state prisoner, brought this complaint against the defendant, a supervising officer at his former correctional facility, alleging that she violated his constitutional rights. *See* ECF No. 1. He claims that she ordered him and his then-cellmate to move to different cells because he is Black and his former cellmate is white, then punished him when he refused. *Id.* at 4–5. In his complaint, among other relief, he states that he is seeking $900,000 because the defendant's actions were "evil, malicious, [and] deliberate." *Id.* at 8.

The defendant moved for summary judgment, ECF No. 79, and this Court recommended denying the motion with respect to the plaintiff's equal protection claim because he had shown the existence of genuine disputes of material fact. ECF No. 97 at 8, 13. It also recommended that the plaintiff could not recover compensatory damages because he had not shown physical injury, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). *Id.* at 11–12. The recommendation stated that nominal damages were available, but did not address punitive damages because the issue was not raised by either side. The district judge subsequently adopted the recommendation, overruling the defendant's objection, ECF No. 104. *See* ECF No. 108. While the objection was pending, the plaintiff filed the instant motion, ECF No. 103, explaining that he was not requesting compensatory damages but instead seeking punitive damages for the defendant's "evil and malicious intentions and callous indifferent to [his] rights." *Id.* at 1. In his order adopting the recommendation, the district court judge expressly left undecided "the issue of whether Plaintiff may seek punitive damages on the equal protection claim," and referred the instant motion to the undersigned. ECF No. 108 at 8, n.3; ECF No. 104.

The plaintiff's motion is fully briefed, ECF Nos. 103, 109, 116, and ripe for disposition.

**ANALYSIS**

Punitive damages against private individuals are available in an action, like this one, brought under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federal protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Where racial discrimination is involved, a plaintiff "must prove that the defendant acted with malicious, willful or gross disregard of a plaintiff's rights over and above intentional discrimination." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*. 295 F.3d 1065, 1077 (10th Cir. 2002). Although the PLRA

bars compensatory damages absent physical injury, punitive damages are available for constitutional violations so long as the defendant's subjective state of mind meets the requisite standard. *See Searles*, 251 F.3d at 881. The defendant does not contend otherwise.

Whether a defendant's intent satisfies the standard for an award of punitive damages is a question of fact. *See, e.g.*, *Shapiro v. Rynek*, 212 F. Supp. 3d 990, 999 (D. Colo. 2016); *Beach v. City of Olathe*, 185 F. Supp. 2d 1229, 1241 (D. Kan. 2002). Courts will therefore deny punitive damages on summary judgment where, in the light most favorable to the plaintiff, there is no "genuine dispute of material fact regarding Defendants' subjective motivations for their alleged conduct." *Mackey v. Watson*, No. 17-cv-01341-CMA-STV, 2019 WL 3955882, at *8 (D. Colo. Aug. 22, 2019); *McGhee v. Biamont*, 348 F. App'x 418, 420 (10th Cir. 2009). But if "a reasonable jury could conclude from Plaintiff's allegations that Defendants acted with the requisite evil intent and could therefore award Plaintiff punitive damages," summary judgment on this issue will be denied. *Mackey*, 2019 WL 3955882, at *8.

In the instant matter, the plaintiff will be permitted to seek punitive damages at trial. Liberally construed, *see Garrett v. Selby Connor Maddux & Janer*, 435 F.3d 836, 840 (10th Cir. 2005), the plaintiff's request for $900,000 in the complaint due to the "evil, malicious, [and] deliberate" nature of the defendant's conduct puts the defendant on notice that he sought punitive damages. ECF No. 1 at 8. Nevertheless, the defendant's summary-judgment motion focuses exclusively on the unavailability of compensatory damages, and does not address punitive damages, *see* ECF No. 79 at 8–9, waiving the issue for summary-judgment purposes. *See, e.g.*, *Magnum Feedyard Co,, LLC v. Agri Sales USA, Inc.*, No. 1:21-cv-03116-RMR-KLM, 2023 WL 5566460, at *1 (D. Colo. June 6, 2023). The defendant should not be afforded what is essentially a second bite at the summary-judgment apple through the vehicle of the plaintiff's motion to

clarify. *See, e.g.*, *Vera v. Rodriguez*, No. 12-491 SCY/KBM, 2017 WL 6621048, at *1 (D.N.M. Dec. 27, 2017) (district courts have discretion to deny successive summary judgment motions); *P&E Sols., LLC v. Crescent Power Sys.*, No. 24-1209-EFM, 2026 WL 710128, at *2 (D. Kan. Mar. 13, 2026) (denying motion for leave to file a second summary judgment motion that was not based "on new material" but simply sought "to raise additional arguments that [defendant] failed to include in its first motion). At this stage in the litigation, the defendant's proper recourse is to move for judgment as a matter of law to exclude punitive damages after the evidence has been presented at trial. *See* Fed. R. Civ. P. 50; *Black v. M & W Gear Co.*, 269 F.3d 1220, 1239–40 (10th Cir. 2001); *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1187 (10th Cir. 1999).

In all events, the petitioner has demonstrated the existence of a disputed issue of material fact regarding the defendant's intent, precluding summary judgment on punitive damages. The verified complaint, which constitutes evidence at this stage, *see Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163–64 (10th Cir. 2021), alleges facts, which in the light most favorable to the plaintiff, demonstrate "malicious, willful or gross disregard" of his rights "over and above intentional discrimination." *Guide, Ltd.*, 295 F.3d at 1077. As discussed in the recommendation, *see* ECF No. 97 at 5, the plaintiff avers that when he went to speak with the defendant about why his housing was reassigned, she told him that he and his cellmate "have to be segregated from the cell [they] live in . . . because she don't cell [n****s] and good white dudes together," threatened to punish them if they refused to "segregate and separate," and reiterated that she "[didn't] know who moved [them] together but she only move [n*****s] with [n*****s]." ECF No. 1 at 4. If proven, a reasonable jury could conclude from these comments that the defendant "acted with the requisite evil intent and could therefore award Plaintiff punitive damages." *Mackey*, 2019 WL 3955882, at *8.

The defendant's arguments to the contrary are unavailing. First, she argues that the complaint "presents nothing more than conclusory allegations . . . which are unsupported by any record evidence." ECF No. 109 at 4. As explained, at this stage, the plaintiff's verified complaint is treated as an evidentiary affidavit, *see Vette*, 989 F.3d at 1163–64, and his allegations are not conclusory—they attribute to the defendant specific statements of discriminatory intent expressed in racially derogatory terms and accompanied by threats of punishment. Second, as in her summary-judgment motion, the defendant disclaims that she made the decision to move the plaintiff, states that she told him he was being moved due to facility need, and argues that the plaintiff's account is inconsistent with his prior statements to her and at his disciplinary hearing. ECF No. 109 at 3–4. But these arguments go to credibility and the strength of the evidence, which are not properly considered on summary judgment. *See, e.g.*, *Hansen v. PT Bank Negara Indonesia*, 706 F.3d 1244, 1251 (10th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

Accordingly, at this stage, the plaintiff has demonstrated the existence of a genuine dispute of material fact precluding summary judgment on the issue of punitive damages.

In the alternative, the defendant requests that the plaintiff be prohibited from introducing the issue of punitive damages at trial until the Court makes "a threshold legal determination" that he "presented sufficient facts to support an award of punitive damages." ECF No. 109 at 5. This request is denied without prejudice as premature. This is a request properly addressed to the trial court at the final pretrial conference or in a motion *in limine* before the trial court.

For the reasons stated, the plaintiff's Motion to Clarify Damages, ECF No. 103, is **GRANTED** to the extent that the plaintiff may seek punitive damages at trial.

DATED this 26th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge